UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PAUL SIMKUS, | ) | |
| | ) | Case No. 1:10-cv-05274 |
| Plaintiff, | ) | |
| | ) | Judge Gary Feinerman |
| v. | ) | |
| | ) | Magistrate Judge Michael T. Mason |
| UNITED AIR LINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT UNITED AIR LINES, INC.'S
### MOTION TO COMPEL EXECUTION OF MEDICAL RELEASE

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, Defendant United Air Lines, Inc. ("United"), by and through its attorneys, respectfully requests that the Court compel Plaintiff Paul Simkus ("Plaintiff") to cooperate with discovery and execute a medical release so that United may obtain medical records relevant to Plaintiff's ADA claim(s) and claims for damages for emotional distress. In support of its motion, United respectfully states the following:

1. On August 14, 2012, counsel for United e-mailed Plaintiff a copy of a proposed medical release and requested that he review the release and sign it (Ex. 1).

2. The following day, on August 15, 2012, the parties appeared for a status hearing before Magistrate Judge Mason. (ECF No. 80). During the hearing, Plaintiff represented that his e-mail account had malfunctioned and that he had not received United's e-mail from the previous evening. As such, United tendered Plaintiff a hard copy of the release in open court. (*Id.*). Following the status hearing, Judge Mason ordered Plaintiff to review the release and return an executed version to United by August 24, 2012. (*Id.*). The Court also ordered Plaintiff to appear for deposition on September 20, 2012. (*Id.*).

1

14793660v.2

2

3. Pursuant to Local Rule 37.1's meet and confer obligations, on Friday, August 24, 2012, counsel for United contacted Plaintiff regarding the status of the release. Plaintiff advised via both e-mail and telephone that that he planned to consult an attorney regarding the scope of the release the following Monday. (Ex. 2). United agreed to provide Plaintiff a brief extension - through and until Monday, August 27, 2012, to submit an executed release.

4. On Tuesday, August 28, 2012, counsel for United again telephoned Plaintiff to inquire as to the status of the release. Plaintiff stated that he would not sign the release in light of its overly broad language. Plaintiff further advised that he planned to consult, but had not yet retained an attorney. Counsel for United asked Plaintiff to provide proposed revisions to the release by that afternoon, but Plaintiff failed to do so.

5. To date, United has not received a copy of the executed release (or any suggested modifications to the release) from Plaintiff.

6. In addition, today Plaintiff filed a *pro se* appearance with the Court, indicating that he has not retained counsel to represent him in this matter. (ECF No. 82).

7. By his ADA claim and claim for emotional distress damages, Plaintiff has placed his medical information at issue and United is entitled to discover it. Specifically, Plaintiff's Complaint alleges that United discriminated against him on the basis of his purported disability and that it failed to provide him reasonable accommodations. (ECF No. 1). Plaintiff also seeks - among other relief - damages for mental anguish, emotional distress, loss of enjoyment of life, and other non-pecuniary losses. (*Id.* at ¶ 28).

8. Therefore, United is entitled to subpoena Plaintiff's medical records in order to determine (1) whether Plaintiff is a qualified individual with a disability under the Americans with Disabilities Act and (2) the extent of his emotional distress damages. *See, e.g.*, *Hodgdon v.*

*Northwestern Univ.*, 245 F.R.D. 337, 343-44 (N.D. Ill. 2007) (defendants entitled to medical records where plaintiff claimed disability discrimination and sought emotional distress damages); *Landon* ex rel. *Munici v. Oswego Unit Sch. Dist. #308*, No. 00 C 1803, 2000 WL 33172933, at *2 (N.D. Ill. Feb. 13, 2000) (finding the plaintiff sought damages for emotional distress and thus had "waived the privilege by placing his mental condition at issue").

9. The Court has set Plaintiff's deposition for September 20, 2012. United believes that it is essential to obtain these highly relevant documents in advance of that deposition so that Plaintiff may be examined regarding their contents.

WHEREFORE, United requests that this Court issue an Order requiring Plaintiff to execute a medical release so that United may subpoena his medical records.

**DATED: August 30, 2012**  Respectfully submitted,

Ada W. Dolph  UNITED AIR LINES, INC.
Alexis S. Hawley
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400  By   s/Alexis S. Hawley
Chicago, Illinois  60603  One of Its Attorneys
(312) 460-5000

14793660v.2

## **CERTIFICATE OF SERVICE**

Alexis S. Hawley, an attorney, certifies that on August 30, 2012, she caused a true and correct copy of the foregoing DEFENDANT UNITED AIR LINES INC.'S MOTION TO COMPEL MEDICAL RELEASE with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

>Paul Simkus
>38 North Belmont Ave.
>Arlington Heights, IL  60004

>>s/Alexis S. Hawley
>>Alexis S. Hawley

14793660v.2