UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL SIMKUS, | ) | |
| | ) | |
| Plaintiff, | ) | 10 C 5274 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| UNITED AIR LINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Paul Simkus brought this suit against his employer, United Air Lines, Inc., alleging

discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42

U.S.C. § 12101 *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e

*et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*

Simkus filed a similar suit several months later. *Simkus v. United Air Lines, Inc.*, No. C 2165

(N.D. Ill. filed Mar. 29, 2011). The second suit was dismissed under Federal Rule of Civil

Procedure 12(b)(6). *Simkus v. United Air Lines, Inc.*, 2012 WL 3133603 (N.D. Ill. July 31,

2012). In the meantime, discovery proceeded in the present suit under the active supervision of

Magistrate Judge Mason. Docs. 14, 15, 19, 25-26, 28-29, 34, 44-46, 49-50, 53, 56, 58-59, 64-67,

73, 75, 80, 86, 88, 90-91, 96. United ultimately moved to dismiss this suit for want of

prosecution due to what United said were Simkus's delays, litigation misconduct, and repeated

failures to comply with his discovery obligations and court orders. Docs. 101-102. Given

Magistrate Judge Mason's familiarity with the issues raised by United's motion, the court

referred the motion to him for a Report and Recommendation. Doc. 105.

Magistrate Judge Mason issued a detailed Report and Recommendation recommending that the case be dismissed for want of prosecution. Docs. 111-112. The Report and Recommendation warned Simkus regarding the deadline for filing objections with the district judge and the consequences of failing to object: "Specific written objections to this Report and Recommendation may be served and filed within fourteen (14) days from the date that this order is served. Fed. R. Civ. P. 72. Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the Report and Recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995)." Doc. 112 at 11. The minute order accompanying the Report and Recommendation did so as well, expressly referencing the deadline of December 20, 2012, for filing objections: "Written objections to this Report and Recommendation may be served and filed by 12/20/12. Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the Report and Recommendation." Doc. 111.

It is now January 11, 2013, over three weeks past the deadline, and Simkus has not filed objections to the Report and Recommendation. The rule governing this situation is as follows: "If no party objects to the magistrate judge's action, the district judge may simply accept it. But the district judge remains the final authority in the case, and he may reconsider *sua sponte* any matter determined by a magistrate judge. Thus, although the district judge *must* make an independent determination of a magistrate judge's order upon objection, he is not *precluded* from reviewing a magistrate judge's order to which a party did not object." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009) (citation omitted). The court exercises its discretion to simply accept the Report and Recommendation. *See Miller v. Portfolio Recovery*

*Assocs., LLC*, 2012 WL 1714253 (C.D. Ill. May 15, 2012). That said, the circumstances of this case amply justify Magistrate Judge Mason's recommended disposition.

Accordingly, the Report and Recommendation is accepted and the case is dismissed with prejudice for want of prosecution.

January 11, 2013

_____
United States District Judge